UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>QUINDELL NUNN,<br>Defendant. | Case No. 14-cr-00636-TEH<br><br>**ORDER RE: HEARING ON DEFENDANT'S MOTION TO SUPPRESS** |

The Parties shall come prepared to address the following questions at the hearing on Defendant's motion to suppress evidence:

**For the Government**

1. Is the dispute over whether this intersection was a "high crime area" material, such that an evidentiary hearing is necessary?

2. What objective basis does the Government have for the officers' claim that the arrest location was a high crime/narcotics area?

3. Defendant disputes certain details of the officers' reported observations. Why should the Court not order an evidentiary hearing to resolve this dispute?

4. How do you respond to Defendant's argument, raised in the reply, that even if he was released by Detective Torres, his vehicle remained seized? Would it have been a constitutional violation to release Defendant but not his vehicle?

5. What are the implications of the plain view doctrine in this case?

**For Defendant**

1. Why did you only request the crime statistics for the 3.5 months leading up to Defendant's arrest?

2. What is the racial composition of the area of East Palo Alto where Defendant was arrested?

3. Why is the dispute over whether this intersection was a "high crime area" material? Did this need to be a "high crime area" for the officers to have reasonable suspicion of criminal activity?

4. Assume Defendant's van was constitutionally seized, but that Defendant was unconstitutionally detained when Sergeant Cowans reinitiated questioning. How does this unconstitutional seizure of Defendant taint the discovery of the gun in the *separately seized* van?

**IT IS SO ORDERED.**

Dated:   05/28/15                              _____
                                               THELTON E. HENDERSON
                                               United States District Judge